# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ST. JULIAN BARANCO (#229853)** | **CIVIL ACTION** |
| **VERSUS** | |
| **OFFICER CURTIS WILSON, ET AL.** | **NO. 16-0573-JJB-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 20, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ST. JULIAN BARANCO (#229853)                CIVIL ACTION

VERSUS

OFFICER CURTIS WILSON, ET AL.                NO. 16-0573-JJB-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion Requesting an Evidentiary Hearing (R. Doc. 7), pursuant to which he seeks to be granted summary judgment in connection with his claims.

Plaintiff, an inmate confined at the Madison Parish Correctional Center, Tallulah, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Officer Curtis Wilson and Officer Kerry Hidalgo of the East Baton Rouge Parish Police Department, complaining that his constitutional rights were violated on August 24, 2015 when the Defendant police officers attempted to make a traffic stop and when Plaintiff thereafter fled from the officers. According to Plaintiff, after his vehicle came to a stop at a dead-end street, the officers used their vehicle to strike Plaintiff's vehicle and discharged their weapons, causing gunshot wounds to Plaintiff before his ultimate arrest on that date.

Plaintiff's instant Motion was filed *pro se* and before either of the two Defendants was served in this proceeding or had any opportunity to respond to Plaintiff's allegations. In addition, Plaintiff's Complaint is not sworn under penalty of perjury, and he has not attached to his Motion his own sworn statement, certified copies of any exhibits, or the sworn statements of any persons

attesting to the truth of his allegations.[1]  Finally, an attorney has now enrolled on Plaintiff's behalf, and Defendants have subsequently appeared in this proceeding through the filing of a Motion to Dismiss (R. Doc. 13), wherein they assert the defense that Plaintiff's claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Fed. R. Civ. P.  The moving party bears the initial burden of informing the Court of the basis for the motion and identifying those portions of the pleadings, depositions and discovery responses, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response or failure to respond. *Ford-Evans v. Smith*, 206 Fed. Appx. 332 (5th Cir. 2006), *quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  The nonmoving party is not required to respond to the motion until the movant has met its burden and properly supported the motion with competent evidence.  *Id.*  Only "[i]f the movant … meet[s] this burden [must] the nonmovant … go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air, supra*, 37 F.3d at 1075.

The Court concludes, on the record before it, that Plaintiff's Motion should be denied. Specifically, inasmuch as Plaintiff has not attached to his Motion any sworn or authenticated exhibits, he has not made a sufficient showing of entitlement to relief or of the absence of any

---

1  Plaintiff attached to his original Complaint copies of excerpts from his arrest records and criminal proceedings.  These documents, however, are not certified or otherwise authenticated and so are not properly before the Court on motion for summary judgment.

genuine issues of material fact. Moreover, although the record reflects that Defendants have since appeared in this proceeding through the filing of a Motion to Dismiss, they were not served with Plaintiff's instant Motion for Summary Judgment at the time it was filed and so were not legally required to respond thereto. Finally, Defendants have asserted in their pending Motion to Dismiss a defense to Plaintiff's claims that, if successful, will obviate any need for Defendants to address the factual issues herein. Accordingly, the Court concludes that a grant of summary judgment would be inappropriate at this time. *See, e.g., Tyson v. Tanner, 2008 WL 4948769, \*3* (E.D. La., Nov. 18, 2008), *and cases cited therein* (finding a motion for summary judgment to be premature where it was filed before defendants were served).

## **RECOMMENDATION**

It is recommended that Plaintiff's Motion Requesting an Evidentiary Hearing (R. Doc. 7), wherein he requests summary judgment in his favor, be denied, without prejudice, as premature, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on October 20, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**