UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ST. JULIAN BARANCO

VERSUS

OFFICER CURTIS WILSON, ET AL.

CIVIL ACTION

NO. 16-00573-JWD-EWD

**RULING**

Before the Court is a *Motion to Dismiss* ("Motion") filed by the City of Baton Rouge/Parish of East Baton Rouge ("City"), Officer Kerry Hildago[1] ("Hildago"), and Officer Curtis Wilson ("Wilson") (collectively referred to as "Defendants").[2] Plaintiff St. Julian Baranco ("Plaintiff" or "Baranco") has filed an *Opposition to Defendants' Motion to Dismiss* ("Opposition") to which the Defendants have filed a *Reply*.[3] The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. Oral argument is unnecessary. For the following reasons, the Motion is **GRANTED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The facts taken in the light most favorable to Plaintiff are as follows. Plaintiff alleges that he first encountered Hildago and Wilson on August 24, 2015, when they attempted to initiate a traffic stop as he was driving along Hollywood Street in Baton Rouge, Louisiana.[4] Plaintiff concedes that instead of pulling over, he continued to drive for several blocks until he was forced to stop his vehicle after turning onto a dead end on St. Gerard Street.[5] Plaintiff claims that Hildago and Wilson positioned their police vehicles

---

[1] Plaintiff refers to Officer Kerry Hildago as "Kerry Hidalgo" in his *First Amended Complaint*. Because the Defendants have not asserted that an incorrect party was named, the Court will construe any reference to "Kerry Hidalgo" as being properly directed to "Kerry Hildago."
[2] Doc. 27.
[3] Doc. 32 and Doc. 37.
[4] Doc. 23 at 2.
[5] *Id*.

1

against his vehicle in order to form a barricade and prevent him from leaving.[6] Plaintiff alleges that as he started to surrender, Hildago and Wilson exited their vehicles and began shooting at him.[7] Plaintiff contends that at least thirty-eight bullets penetrated his vehicle, several of them causing him physical injury after striking his back, neck, and shoulder.[8] Believing that Hildago and Wilson were trying to kill him, Plaintiff alleges that he "escaped the hail of gunfire and ran for his life."[9] Plaintiff was later captured and arrested.[10]

Plaintiff was charged with Attempted First Degree Murder of a Police Officer, Aggravated Criminal Damage to Property, and Aggravated Flight from an Officer.[11] On February 22, 2017, Plaintiff pled guilty to Aggravated Flight from an Officer before a state court judge in the Nineteenth Judicial District Court ("Nineteenth JDC") in East Baton Rouge Parish.[12] As part of the Plaintiff's plea agreement, the remaining two charges (Aggravated Criminal Damage to Property and Attempted 1st First Degree Murder of a Police Officer) were dismissed.[13] Plaintiff was sentenced to three years of hard labor with the Louisiana Department of Public Safety and Corrections.[14]

---

[6] *Id.* at 3.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Doc. 27-3. The Court takes judicial notice of several state court documents that have been attached to Defendants' *Motion* related to Plaintiff's charges in Louisiana state court. See *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing Fed. R. Evid. 201(f) (holding "[n]ormally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice."). Under Federal Rule of Evidence 201, a court may take judicial notice of an "adjudicative fact" if the fact is not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. See *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).
[12] Doc. 27-4; Doc. 41 at 13-14.
[13] Doc. 27-4.
[14] *Id.*

On August 26, 2016, Plaintiff, proceeding *pro se,* filed a Complaint against Defendants seeking damages under 42 U.S.C. § 1983 for use of excessive force.[15] Defendants filed the instant *Motion* on September 26, 2017.[16] The Court granted Plaintiff leave to amend his *Original Complaint* on November 1, 2017, shortly after counsel was enrolled on behalf of Plaintiff.[17] Plaintiff filed an *Amended Complaint* ("AC") against Defendants on November 1, 2017.[18] In his AC, Plaintiff maintains that at no time did he injure or attempt to injure Hildago or Wilson.[19] Plaintiff further contends that he was unarmed throughout the chase and never used his vehicle in any way to injure or attempt to injure Hildago or Wilson.[20]

## II. Discussion

### A. Rule 12(b)(6) Legal Standard

In *Johnson v. City of Shelby, Miss.*, the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief;' they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.[21]

Interpreting Rule 8(a), the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading stage; it simply calls

---

[15] Doc. 1.
[16] Doc. 13.
[17] Doc. 22.
[18] Doc. 23.
[19] *Id.* at 2.
[20] *Id.*
[21] *Johnson*, 135 S. Ct. 346, 346-47, 190 L. Ed. 2d 309 (2014) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."[22]

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] This analysis is not substantively different from that set forth in Lormand, supra, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Federal Rule of Civil Procedure 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "the discovery will reveal relevant evidence of each element of the claim.[24]

More recently, in *Thompson v. City of Waco, Tex.*, the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff…To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, the, is to determine whether the plaintiff states a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.[25]

---

[22] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).
[23] *Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).
[24] *Id.* (quoting *Lormand*, 565 F.3d at 257) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).
[25] *Thompson*, 764 F.3d 500, 502-503 (5th Cir. 2014) (citations and internal quotations omitted).

**B. Parties' Arguments**

Defendants argue that the Court should dismiss Plaintiff's AC because it fails to state a plausible claim of relief.[26] Specifically, Defendants assert that Plaintiff's Section 1983 claim is barred by the *Heck* doctrine—which prohibits lawsuits that would imply the invalidity of a prior state court criminal conviction—because it calls into question the validity of his underlying conviction for Aggravated Flight from an Officer.[27] Defendants contend that the factual determinations that form the basis of the Plaintiff's guilty plea in state court are squarely at odds with the instant excessive force claim.[28] Defendants further argue that a civil ruling on the reasonableness of the force used by Hildago and Wilson would "challenge these [factual] admissions, the determination of the plaintiff's resistance, and his endangerment of human life already established in the criminal prosecution."[29]

The basis of Defendants' argument is rooted in the United States Supreme Court case of *Heck v. Humphrey*.[30] In that case, the Court held that in order for a Section 1983 plaintiff to recover damages for a claim that calls into question the validity of the plaintiff's underlying conviction or sentence, the plaintiff must first demonstrate that his conviction has already been invalidated or that the criminal proceeding has otherwise been terminated in his favor.[31] Defendants assert "[i]f the plaintiff is unable to demonstrate that his conviction has already been invalidated or that the criminal proceeding otherwise terminated in his favor, *Heck* mandates dismissal of his § 1983 claims."[32]

---

[26] Doc. 27-1.
[27] *Id*. at 4.
[28] *Id*. at 5.
[29] *Id*.
[30] *Heck*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).
[31] Doc. 27-1 at 4.
[32] *Id*.

5

In order to determine what constitutes favorable termination under *Heck*, Defendants cite to *Evans v. Ball*.[33] Defendants argue that in that case, the Fifth Circuit Court of Appeals applied the same analysis used in malicious prosecution claims, which requires a finding of a "termination of the prosecution in the accused's favor."[34] In *Evans*, Defendants argue, "the Fifth Circuit held that proceedings terminate in favor of the accused only when they affirmatively indicate that he is not guilty."[35]

Here, Defendants contend Plaintiff's excessive force claim squarely challenges his sworn testimony to the Nineteenth JDC on February 22, 2017, admitting to the factual basis underlying his guilty plea to Aggravated Flight from an Officer.[36] In support of their argument, the Defendants cite to three Louisiana federal district court cases. Defendants assert that while the Fifth Circuit has not directly addressed *Heck* in the context of a charge of Aggravated Flight from an Officer, several district courts have applied the doctrine to this particular charge.[37]

Defendants first cite to *Gray v. Raymond*.[38] In that case, the plaintiff asserted an excessive force claim under Section 1983 after he was shot during his arrest, following an armed bank robbery and an automobile flight from responding police.[39] The plaintiff was ultimately charged with, *inter alia*, Aggravated Flight from an Officer.[40] The court found that the plaintiff's excessive force claim was "clearly connected to the validity of his

---

[33] *Id.* (citing *Evans*, 168 F.3d 856 (5th Cir. 1999)).
[34] *Id.* (quoting *Evans*, 168 F.3d at 859).
[35] *Id.* (citing *Evans*, 168 F.3d at 859) (relying on *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir.1980)).
[36] *Id.*
[37] *Id.*
[38] *Id.* at 5. (citing *Gray*, CV 15-1463, 2017 WL 1403333 (E.D. La. Feb. 6, 2017)).
[39] *Gray*, 2017 WL 1403333, at *1.
[40] *Id.*

6

convictions for…aggravated flight from a police officer."[41]  The court relied on the Fifth Circuit's holding in *Hudson v. Hughes*,[42] which concluded "whether the police applied reasonable force in arresting [plaintiff] depends in part on the degree of [plaintiff's] resistance, which in turn will place in issue whether [plaintiff's] resistance (the basis of [plaintiff's] conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction."[43]  The court then dismissed the plaintiff's claims, with prejudice.[44]

Next, Defendants cite to *Stamps v. Outz*.[45]  In that case, the plaintiff asserted a claim of excessive force against a police officer who opened fire on his vehicle during a high speed chase.[46]  In *Gray*, the plaintiff was arrested on several charges, including Aggravated Flight from an Officer.[47]  The court stayed the plaintiff's excessive force claim because the charge of Aggravated Flight from an Officer was still pending at the time of the ruling.[48]  Citing *Heck*, the court held that a stay was proper because "[i]f the plaintiff is ultimately convicted of aggravated flight from an officer, he may not be entitled to seek compensatory damages for his excessive force claim until such time as the conviction has been declared invalid."[49]

---

[41] *Id.* at 4.
[42] *Hudson*, 98 F.3d 868, 873 (5th Cir. 1996).
[43] *Id.* at 3.
[44] *Id.* at 4.
[45] *Stamps*, CV-1700, 2017 WL 3492701 (W.D. La. July 21, 2017).
[46] *Id.* at 2.
[47] *Id.* at 1.
[48] *Id.* at 3.
[49] *Id.* at 4.

7

Finally, Defendants cite to *Walker v. Dailey*[50] where the court held a stay on an excessive force claim was warranted because the plaintiff had three pending counts of aggravated flight from an officer.[51]

Additionally, Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them should the federal claims against the Defendants be dismissed. Defendants cite to *Priester v. Lowndes County*,[52] in asserting "a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had pendent jurisdiction.

Plaintiff's *Opposition* rests upon two distinct, yet somewhat interrelated, arguments. First, Plaintiff asserts that the *Heck* doctrine is not implicated because success on his Section 1983 excessive force claim would not invalidate his criminal conviction for Aggravated Flight from an Officer.[53] Second, he contends that his excessive force claim is temporally and conceptually distinct from his Aggravated Flight charge and thus *Heck* is not implicated.[54]

In support of his first argument, Plaintiff asserts that he seeks only to prove the use of excessive force in response to his aggravated flight, not that he did not commit the underlying offense. Plaintiff further argues that no requirement for proving excessive force is "necessarily at odds with any element of the Plaintiff's Aggravated Flight conviction."[55] He contends that in order to be convicted of Aggravated Flight, the state must prove (1) the intentional refusal of a driver to bring a vehicle to a stop, (2) under

---

[50] *Walker*, CIV-1385, 2011 WL 5182894 (E.D. La. Oct. 31, 2011).
[51] *Id.* at 2.
[52] *Priester*, 354 F.3d. 414, 425 (5th Cir. 2004).
[53] Doc. 32 at 7.
[54] *Id.* at 9.
[55] *Id.* at 8.

8

circumstances wherein human life is endangered, (3) knowing that he has been given a visual and audible signal to stop by the police officer when the officer has reasonable grounds to believe that the driver has committed an offense.[56] By contrast, Plaintiff argues, a successful claim of unreasonable or excessive force depends upon the "totality of the facts and circumstances in the particular case."[57] Accordingly, Plaintiff argues, "the reasonableness of the force exerted must be evaluated from the viewpoint of a reasonable man in the position of the officers at the time of the incident."[58]

Comparing the two standards, Plaintiff argues that a finding by this Court that the force used by Hildago and Wilson was unreasonable from the viewpoint of a reasonable man in the position of the officers at the time of the incident would not contradict any of the elements needed to prove Aggravated Flight from an Officer.[59]

Plaintiff also argues that his excessive force claim is temporally and conceptually distinct from his Aggravated Flight from an Officer claim. In support of his argument, Plaintiff cites to the Fifth Circuit case of *Bush v. Strain*.[60] Plaintiff contends that in that case, the court, relying on its previous ruling in *Ballard v. Burton*[61], held that a Section 1983 claim for excessive force would not necessarily imply the invalidity of a resisting arrest conviction—and thus would not be barred by *Heck*—if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim.[62] According to Plaintiff, *Bush* further held "a claim that excessive force occurred after the

---

[56] *Id.* at 9 (quoting La. R.S. 14:108.1).
[57] *Id.* (citing *Kyle v. City of New Orleans*, 353 So.2d 969, 973 (La.1977)).
[58] *Id.* (citing *Picou v. Terrebonne Parish Sherriff's Office*, La.App.1st Cir., 343 So.2d 306, 308 (1977)).
[59] *Id.*
[60] *Id.* at 10 (citing *Bush*, 513 F.3d 492 (5th Cir. 2008)).
[61] *Ballard*, 444 F.3d 391 (5th Cir. 2006).
[62] Doc. 32 at 10 (citing *Bush*, 513 F.3d at 498).

arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance.[63]

Plaintiff argues that because he asserted in his AC that he had already "began [sic] to surrender" when the officers began firing at him, his Aggravated Flight charge is temporally separated from his later excessive force charge.[64] According to Plaintiff:

> The excessive force of the officers occurred after the Plaintiff's flight had ended, thus separating, in time, the excessive force used by the officers and the ending of the Plaintiff's flight, and therefore is not barred by *Heck*.[65]

Finally, Plaintiff asserts that the factual basis for the aggravated flight conviction is conceptually distinct from the excessive force claim because not one element of the aggravated flight conviction would be disturbed by a finding that the Defendants used excessive force.[66]

### C. Analysis

#### 1. The *Heck* Doctrine and the Favorable Termination Rule

The Supreme Court has been clear that, under the principles outlined in *Heck*, a plaintiff's claim for damages for an alleged violation of his constitutional rights is barred if the alleged violation arose from the same facts attendant to the charge for which he was convicted.[67] The *Heck* doctrine rests on the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[68] Instead, "habeas corpus is the appropriate remedy for state prisoners attacking the

---

[63] *Id.* (quoting *Bush*, 513 F.3d at 498).
[64] *Id.*
[65] *Id.*
[66] *Id.*
[67] *Heck*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).
[68] *Id.* at 486.

10

validity of the fact or length of their confinement, and that specific determination must override the general terms of Section 1983."[69] Accordingly, the Court held:

> In order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[70]

The Fifth Circuit has interpreted *Heck* as requiring a district court to consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction of sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[71] The Fifth Circuit has referred to this requirement as the "favorable termination rule."[72]

### 2. Whether Plaintiff's Excessive Force Claim Would Invalidate his Criminal Conviction of Aggravated Flight from an Officer

In order to determine whether *Heck* precludes Plaintiff's Section 1983 claims, the Court must first determine whether a judgment in Plaintiff's favor on this claim would necessarily imply the invalidity of his Aggravated Flight from an Officer conviction. In other words, if the Court were to find that Defendants used excessive force against Baranco, would that determination imply that his conviction of Aggravated Flight was invalid?

In interpreting the Louisiana statute criminalizing Aggravated Flight from an Officer, the Louisiana Supreme Court has held:

---

[69] *Id.* at 482 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).
[70] *Id.* at 486-87.
[71] *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted).
[72] *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999).

11

The statute proscribes two crimes. The basic offense of flight from an officer, a six-month misdemeanor, is committed when the offender intentionally refuses to bring his vehicle to a stop 'knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver has committed an offense.'[73] The crime of aggravated flight from an officer, a two-year felony offense, occurs when the offender flees from an officer (as defined in subsection A) under circumstances 'wherein human life is endangered.'[74] The statute provides a specific and seemingly exclusive definition of the aggravating factors which elevate the crime from a misdemeanor to a felony. An offender creates circumstances in which human life is endangered when he commits at least two of the following acts: (1) leaves the roadway or forces another vehicle to leave the roadway; (2) collides with another vehicle; (3) exceeds the posted speed limit by at least 25 miles per hour; (4) travels against the flow of traffic.[75]

To prevail on his Section 1983 excessive force claim, Plaintiff must prove that the officers' use of force was objectively unreasonable under the circumstances. Plaintiff contends that a finding that the officers use of force was unreasonable would not contradict the findings of Plaintiff's criminal proceedings that (1) Plaintiff intentionally refused to bring the vehicle to a stop, nor that (2) human life was endangered by the chase, nor (3) that the Plaintiff knew that he was being signaled to stop by a police officer when the officer has reasonable grounds to believe Plaintiff committed an offense.[76] However, by pleading guilty to Aggravated Flight from an Officer—as opposed to the basic offense of Flight from an Officer—Plaintiff essentially admitted that the officers acted reasonably in using deadly force to effectuate his arrest. Under La. R.S. 14:20(2), police officers are entitled to use deadly force "for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm" if they "reasonably believe that such

---

[73] *State v. Wiliiams*, 978 So.2d 895, 896 (La. 2/26/08) (quoting La. R.S. 14:108.1(A)).
[74] *Id.* (quoting R.S. 14:108.1(C)).
[75] *Id.* (quoting La. R.S. 14:108.1(D)).
[76] Doc. 32 at 9.

12

an offense is about to be committed and that such action is necessary for its prevention."[77] Thus, because Plaintiff's underlying charge involved an element wherein human life was endangered, a finding that the officers used excessive force would necessarily imply the invalidity of Plaintiff's guilty plea.

Fifth Circuit jurisprudence supports such a finding. In *Sappington v. Bartee*, the Fifth Circuit held that *Heck* barred an individual convicted of aggravated assault from bringing an excessive force claim because Texas law permitted officers to use force up to and including deadly force to protect against aggravated assault.[78] Similarly, in *Hainze v. Richards*, the Fifth Circuit held that *Heck* barred the plaintiff's Section 1983 suit after finding that Texas law authorized law enforcement officers to use deadly force upon reasonable belief that there was imminent danger of serious bodily injury.[79]

The Fifth Circuit's holding in *Connors v. Graves*, is particularly instructive.[80] The plaintiff there failed at an attempt to rob a bank and then fled by car with police officers in pursuit.[81] During the pursuit, the plaintiff allegedly discharged his weapon at the officers.[82] After attempting to deflate his tires, and seeing his vehicle traverse the interstate median and begin travelling in the opposite direction, one of the officers fired his gun and struck the plaintiff in the arm.[83] The plaintiff later plead guilty to discharging a weapon from a motor vehicle under Louisiana Revised Statute 14:94(E).[84] The plaintiff subsequently sued the police officers under Section 1983 alleging excessive force.[85] The court

---

[77] La. R.S. 14:20(2) (2006).
[78] *Sappington*, 195 F.3d 234 (5th Cir. 1999).
[79] Hainze v. Richards, 207 F.3d 795, 798 (5th Cir. 2000).
[80] *Connors*, 538 F.3d 373 (5th Cir. 2008).
[81] *Id.* at 375.
[82] *Id.*
[83] *Id.*
[84] *Id.*
[85] *Id.*

reasoned that by pleading guilty, "Connors essentially admitted that the officers acted reasonably in using deadly force to effectuate his arrest."[86] The court held that *Heck* barred the plaintiff's Section 1983 claim because Louisiana Revised Statute 14:20(2) entitled the officers to use deadly force "for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm…"[87]

Here, Baranco plead guilty to a charge of Aggravated Flight from an Officer. Like the plaintiff in *Connors*, Baranco's guilty plea included an admission to endangering human life, thus implicating La. R.S. 14:20(2). Similar to the officers in *Connors*, Hildago and Wilson were justified under § 14:20(2) in their use of deadly force "for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm." Therefore, for these reasons, the Court finds that Plaintiff's excessive force claim would invalidate his underlying conviction for Aggravated Flight from an Officer.

### 3. Whether Plaintiff's Excessive Force Claim is Temporally and Conceptually Distinct from his Aggravated Flight from an Officer Conviction

Plaintiff further asserts that *Heck* is inapposite because his excessive force claim is temporally and conceptually distinct from his conviction for Aggravated Flight from an Officer.[88] However, the judge in the criminal hearing found Plaintiff guilty of Aggravated Flight from an Officer based on the following factual basis:

> [W]e submit that on or about August 24, 2015, Baton Rouge City Police Officers attempted to stop a silver colored Hyundai Sonota driven by Mr. Baranco in the 5800 block of Hollywood Street. He refused to stop. He fled, ultimately ended up in a dead end street. He later, at one point, put his car in reverse and struck both officers' police vehicles. And then, he also crashed into two other vehicles. During the course of this pursuit, the officers fired their weapons at Mr. Baranco, struck him in his vehicle. His

---

[86] *Id.* at 377.
[87] *Id.* (quoting La. R.S. 14:20(2) (2006)).
[88] Doc. 32 at 9-10.

14

vehicle was later found in the 5700 block of Beechwood and he was arrested at that time.[89]

In Plaintiff's AC, he alleges that "Plaintiff began to surrender, when the shooting started." While that may support his contention that his excessive force claim is temporally distinct from his Aggravated Assault conviction, the factual basis that Plaintiff admitted to directly contravenes his assertion. According to the admitted factual basis, the "officers fired their weapons and struck Mr. Baranco *during the course of the pursuit.*"[90] The Court agrees with Defendant's assertion that "if the Plaintiff attempts to establish that he surrendered during these events, his conviction would be called into question because his fleeing would be justified as self-preservation, rather than a commission of a crime."[91] According to Plaintiff's allegations in his AC, only after he began to surrender, did the shooting start.[92] This allegation clearly contradicts the factual basis that Plaintiff admitted to in state court.

Additionally, there are several other instances where the Plaintiff's allegations in the instant suit are contradicted by the admitted factual basis in his Aggravated Flight from an Officer conviction. For example, Plaintiff alleges that "at no time did Baranco injure or attempt to injure officer Hidalgo or Wilson."[93] This allegation is squarely contradicted by the factual basis in which he admits striking both officers' police vehicles.[94] Plaintiff also alleges he "never used his vehicle in any way to injure or attempt

---

[89] Doc. 41 at 11-12. The Court notes that initially, Plaintiff stated that he did not agree with those facts (see Doc. 41 at 12). However, after briefly conferring with his attorney, Plaintiff later agreed to the facts as referenced above (see Doc. 41 at 13-14).
[90] *Id*. (emphasis added).
[91] Doc. 37 at 4.
[92] Doc. 23 at 3.
[93] *Id.*
[94] Doc. 41 at 11.

to injure Wilson or Hidalgo."[95] This too directly challenges Plaintiff's admission to "putting his car in reverse and striking both officers' police vehicles."[96]

For these reasons, the Court finds that Plaintiff's excessive force claim is not temporally or conceptually distinct from his Aggravated Flight from an Officer conviction. The Court further finds that a civil ruling on the allegations listed in his AC would (1) call into question the validity of his conviction and (2) challenge the determination of Plaintiff's resistance and his endangerment to human life already established in his Aggravated Flight from an Officer conviction. Accordingly, the Court finds that *Heck* bars Plaintiff's Section 1983 claim against Defendants.

### 4. Whether Plaintiff Can Demonstrate Favorable Termination Under *Heck*

The only remaining unresolved issue is whether Plaintiff can overcome application of *Heck* by showing a favorable termination of his underlying conviction. In order for Plaintiff to invoke the favorable termination rule, he must prove that his conviction or sentence has been either "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[97] If Plaintiff is unable to demonstrate a favorable termination of his underlying conviction, his claim is barred and his instant suit must be dismissed.[98] Here, Plaintiff has not offered any evidence to show that his conviction has been reversed, expunged, declared invalid, or called into question, Accordingly, this Court finds that Plaintiff has failed to demonstrate that his conviction for Aggravated Flight from an Officer has been favorably terminated, and his

---

[95] Doc. 23 at 3.
[96] Doc. 41 at 11.
[97] *Heck*, 512 U.S. at 487, 114 S. Ct. 2364, 129 L.Ed.2d 383.
[98] *Id.*

Section 1983 excessive force claim against Defendants is therefore barred by *Heck*. The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's 1983 claims.

### 5. Plaintiff's Remaining State Law Claims

Having determined that Plaintiff's federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.[99] In the Fifth Circuit, the general rule is that when a court dismisses all federal claims before trial, it may dismiss any supplemental claims.[100] Additionally, "the Supreme Court has counseled that the dismissal of all federal claims weighs heavily in favor of declining jurisdiction."[101] "However, the dismissal of the [supplemental] claims should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court."[102] Accordingly, in consideration of the interests of judicial economy, fairness to the litigants, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and Defendants' *Motion* to Dismiss Plaintiff's remaining state law claims is **GRANTED**.

---

[99] 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction.").
[100] See *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).
[101] *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998) (*overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003).
[102] *Bass*, 180 F.3d at 246.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' *Motion to Dismiss*[103] is **GRANTED**. Plaintiff's Section 1983 claims against all Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on June 21, 2018.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[103] Doc. 27.